**Maria v. ALTMANN, an individual, Plaintiff—Appellee,**

**v.**

**REPUBLIC OF AUSTRIA, a foreign state; and the Austrian Gallery, an agency of the Republic of Austria, Defendants—Appellants.**

Nos. 01–56003, 01–56398.

United States Court of Appeals, Ninth Circuit.

April 28, 2003.

Before: WARDLAW, W. FLETCHER, Circuit Judges, and WHYTE, District Judge.

**ORDER**

The Opinion filed December 12, 2002, slip op. 1, and appearing at 317 F.3d 954 (9th Cir.2002), is amended as follows:

1. At slip opinion 16; 317 F.3d at 964, insert the following sentence after the citation to *Verlinden B.V. v. Central Bank of Nigeria* and before the sentence beginning "In 1943, the Supreme Court pronounced . . .":

This explanation made no distinction between *in rem* and *in personam* actions.

2. At slip opinion 16; 317 F.3d at 965, insert the word "alleged" in the sentence beginning "Determining whether the FSIA . . ." so that the sentence reads in full: "Determining whether the FSIA may properly be applied thus turns on the question whether Austria could legitimately expect to receive immunity from the executive branch of the United States for its alleged complicity in and perpetuation of the discriminatory expropriation of the Klimt paintings."

3. At slip opinion 17; 317 F.3d at 965, insert the word "allegedly" in the sentence beginning "That Austria and the United States . . ." so that the sentence reads in full: "That Austria and the United States were no longer on opposite sides of World War II at the time the Federal Monument Agency allegedly attempted to extort valid title to the Klimt paintings does not mean that Austria could reasonably expect the granting of immunity for an act so closely associated with the atrocities of the War."

4. At slip opinion 18, 317 F.3d at 966, insert the following language after the citation to the Letter of Jack B. Tate, Acting Legal Advisor, Department of State, to the Attorneys for the plaintiff in Civil Action No. 31–555 (S.D.N.Y.) and before the sentence beginning "We conclude, as did Judge Wald, . . .":

This letter strongly indicates that the State Department would not have recommended immunity as a matter of grace and comity for Austria's expropriation of the Klimt paintings. Indeed, in January 1943, the United States and seventeen of its allies issued the Declaration Regarding Forced Transfers of Property in Enemy–Controlled Territory, warning that

they intend to do their utmost to defeat the methods of dispossession practiced by the governments with which they are at war against the countries and peoples who have been so wantonly assaulted and despoiled.

Accordingly the governments making this declaration and the French National Committee reserve all their rights to declare invalid any transfers of, or dealings with, property, rights and interests of any description what-

soever which are, or have been, situated in the territories which have come under the occupation or control, direct or indirect, of the governments with which they are at war or which belong or have belonged, to persons ... resident in such territories. This warning applies whether such transfers or dealings have taken the form of open looting or plunder, or of transactions apparently legal in form, even when they purport to be voluntarily effected.

Dep't St. Bull., Jan. 1943, at 21–22.

With these amendments, the panel has voted unanimously to deny the petition for panel rehearing. Judges Wardlaw and Fletcher have voted to deny the petition for rehearing en banc, and Judge Whyte has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are DE-NIED. No further petitions for rehearing will be entertained.